Victor A. ZOLOTAREVSKY, Plaintiff,

v.

GENERAL ELECTRIC COMPANY, Defendant.

Civ.A. No. 91–40078–NMG.

United States District Court, D. Massachusetts.

Sept. 13, 1994.

Victor A. Zolotarevsky, pro se.

Keith H. McCown, Morgan, Brown & Joy, Boston, MA, for defendant.

David Abelman, Office of the U.S. Atty., Boston, MA, for interested party.

## MEMORANDUM AND ORDER

GORTON, District Judge.

The plaintiff, Victor A. Zolotarevsky ("Zolotarevsky"), commenced this action against the defendant, General Electric Company ("GE"), alleging that GE has rejected his several applications for employment because of his age and national origin, in violation of the Age Discrimination in Employment Act of 1967 ("the ADEA"), 29 U.S.C. § 621, *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Pending before this Court is GE's motion for summary judgment.

## BACKGROUND

The relevant facts are recited in the light most favorable to Zolotarevsky. *O'Connor v. Steeves*, 994 F.2d 905, 907 (1st Cir.1993).[1] Zolotarevsky was born in 1932 in what was formerly the Soviet Union. He and his family immigrated to the United States in 1974 and he became a citizen in 1980. Zolotarev-

---

**1.** GE submitted a statement of "undisputed facts" in support of its motion for summary judgment. The statement was not controverted by Zolotarevsky in his opposition to that motion and the "undisputed facts" are, therefore, deemed admitted for purposes of this motion pursuant to Local Rule 56.1.

sky has worked as a mechanical engineer in both the Soviet Union and the United States. From 1984 to February 1989, Zolotarevsky worked as a test evaluation engineer at Honeywell Information Systems in Billerica, Massachusetts. He was laid off in February 1989 and remained unemployed until June 1991, when he secured an engineering job at General Dynamic Corporation in Groton, Connecticut.

After his layoff in February 1989, Zolotarevsky "mailed over 4000 resumes and applications" to various employers. Receiving no offers of employment, Zolotarevsky filed "over 90 charges of discrimination in employment" with various state and federal agencies. (Complaint at para. 17.) Zolotarevsky testified by deposition that approximately 90 to 95 percent of those discrimination charges were filed on photocopied forms in which only the name of the alleged corporate offender and the date of the alleged discrimination were changed.

Throughout 1989 and 1990, Zolotarevsky filed seven separate discrimination charges against GE with the Equal Employment Opportunity Commission ("EEOC"), alleging unlawful refusal to hire.[2] The seven EEOC charges are the substance of Zolotarevsky's Complaint in this action. Zolotarevsky was 57 years old when he was denied employment by GE.

### THE SUMMARY JUDGMENT STANDARD

GE has moved for summary judgment on each of the seven "counts" in Zolotarevsky's Complaint. The role of summary judgment is to pierce the formal pleadings and evaluate the proof to determine whether there is a genuine need for trial. *Mesnick v. General Elec. Co.,* 950 F.2d 816, 822 (1st Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 2965, 119 L.Ed.2d 586 (1992). The burden is upon the moving party to show, based upon the pleadings, discovery on file and affidavits, that there is no genuine issue of material fact and that the moving party is

entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

If the moving party demonstrates that "there is an absence of evidence to support the non-moving party's case," the burden shifts to the non-moving party to establish the existence of a genuine issue of material fact for trial. *FDIC v. Municipality of Ponce,* 904 F.2d 740, 742 (1st Cir.1990), *quoting Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The nonmovant, however, may not rest upon mere allegation or denial of the pleadings. Fed.R.Civ.P. 56. In considering a motion for summary judgment, the Court must view the entire record in the light most hospitable to the non-moving parties and indulge all reasonable inferences in their favor. *O'Connor,* 994 F.2d at 907.

### DISCUSSION

Absent direct evidence of discrimination, and Zolotarevsky has not come forward with any, the Court analyzes GE's motion for summary judgment in accordance with the burden-shifting framework established by the United States Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The essence of GE's motion is that, under the criteria established in *McDonnell Douglas,* Zolotarevsky has failed to meet his initial burden of establishing a *prima facie* case of discrimination. To establish a *prima facie* case of age or national origin discrimination, Zolotarevsky must show:

(i) that he belongs to a [protected class]; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applications from persons of complainants qualifications.

*Id.* at 802. GE argues that all seven of Zolotarevsky's charges lack one or more elements of the requisite *prima facie* case.

---

**2.** In April 1991, Zolotarevsky received "Right-to-Sue" Notices from EEOC with respect to each

of his charges against GE.

GE contends, in addition, that it had legitimate, nondiscriminatory reasons for rejecting Zolotarevsky's applications for employment and that Zolotarevsky has produced no evidence from which to infer that those reasons were pretexts for discrimination. *See Oliver v. Digital Equipment Corp.*, 846 F.2d 103, 108–110 (1st Cir.1988).

A. *EEOC Charge Numbers 161900520, 161900722, 161900356 and 161900723* [3]

GE contends that Zolotarevsky has failed to establish his *prima facie* case with respect to four of the EEOC charges.

1. EEOC Charge No. 161900520 ("Charge 520")

In January–February 1990, approximately 300 to 400 applicants, including Zolotarevsky, submitted resumes in response to GE's advertisements for Manufacturing Engineers for its engine parts manufacturing facility in Rutland, Vermont. By letter dated February 26, 1990, GE notified Zolotarevsky that he would not be included in their "interviewing slate." Zolotarevsky alleges in Charge 520 that GE rejected his application because of his age and/or national origin.

GE has submitted the Affidavit of Glen A. Hobbes ("the Hobbes Affidavit"), an Employee Relations Representative at GE's Rutland, Vermont facility. Hobbes was responsible for evaluating and screening resumes and choosing acceptable candidates to be interviewed for the position of Manufacturing Engineer. Hobbes reviewed all of the applications, including Zolotarevsky's, and ultimately chose thirty other applicants to be interviewed for the advertised position. According to the Hobbes Affidavit, GE, however, "never filled or even interviewed for the job described in the advertisement to which Mr. Zolotarevsky applied" because of a combination of budgetary concerns and changed staffing requirements.

Based upon the Hobbes Affidavit, the Court finds that Zolotarevsky has failed to establish that the position for which he applied at GE's Rutland, Vermont facility remained open after his rejection. Zolotarevsky has, therefore, failed to establish a *prima facie* case of discrimination with respect to Charge 520 and GE's motion for summary judgment on that charge will be allowed.[4]

2. EEOC Charge No. 161900722 ("Charge 722")

On July 1, 1990, GE published an advertisement in the *Boston Globe* for an "Engineer, Test Facility Design" at its facility in Lynn, Massachusetts. On July 23, 1990, Zolotarevsky submitted a resume in response to that advertisement. On July 28, 1990, GE sent Zolotarevsky a letter informing him that if he did not hear from GE within thirty days he could assume that he was rejected for the position. On August 13, 1990, Zolotarevsky filed Charge 722 alleging that GE rejected his application at its Lynn, Massachusetts facility because of his age and/or national origin.

GE has submitted the affidavit of Frederick T. Anderson ("the Anderson Affidavit"), Manager of Professional Staffing at GE's aircraft engine manufacturing facility in Lynn. Anderson's duties include "recruiting, screening and evaluating applicants for professional-level positions." According to the Anderson Affidavit, the position for which Zolotarevsky applied was subject to a hiring freeze that commenced in August of 1990. No interviews were ever conducted and no one was ever hired for the position.

Based on the Anderson Affidavit, the Court finds that Zolotarevsky has failed to establish that the position at GE's aircraft engine manufacturing facility in Lynn, Mas-

---

3. Zolotarevsky did not identify specific "Counts" in his Complaint. The Court therefore refers to the particular charges by the numbers assigned to them by the EEOC.

4. The Court also finds that GE has articulated legitimate, non-discriminatory reasons for its decision not to hire Zolotarevsky and finds, further, that Zolotarevsky has failed to show that those

reasons were a pretext for discrimination. According to the Hobbes Affidavit, he rejected Zolotarevsky's application because he submitted no cover letter, only a handwritten note in pencil on his resume. A notation by Hobbes on the resume indicates that he rejected it because of its unprofessional presentation.

sachusetts, remained open after his rejection. *See McDonnell Douglas* 411 U.S. at 802, 93 S.Ct. at 1824. Zolotarevsky has, therefore, failed to establish a *prima facie* case of discrimination with respect to Charge 722 and GE's motion for summary judgment on that charge will be allowed.

### 3. EEOC Charge No. 161900356 ("Charge 356")

In June 1989, Zolotarevsky submitted a resume in response to an advertisement in the December 1989 issue of *Mechanical Engineering* seeking engineers experienced in steam turbine design and development for GE's facility in Schenectady, New York. The advertisement stated that qualified candidates should have a minimum of five years experience in one or more enumerated engineering disciplines. In Charge 356, Zolotarevsky alleges that, in January 1990, GE refused to hire him as an engineer at its Schenectady facility because of his age and/or national origin.

GE has submitted the affidavit of Raymond T. Dickinson ("the Dickinson Affidavit"), Technical Leader, Health Physics and Engineering Support, at GE's Schenectady facility. Dickinson is responsible for, among other things, the initial screening and evaluation of resumes for engineers in steam turbine design and development. The Dickinson Affidavit indicates that Dickinson reviewed approximately 80 resumes, including that of Zolotarevsky. The Dickinson Affidavit states that:

> Like Mr. Zolotarevsky, none of the other candidates had the relatively high level of design engineering experience in the specialized areas we sought. We had hoped through the advertisement to fill five positions. As a result of the unsatisfactory response, those five vacancies were canceled and no one was hired.

■ Based on the Dickinson Affidavit, the Court finds that Zolotarevsky has failed to establish that the position at GE's Sche-

nectady, New York facility remained open or that GE continued to seek applications after his rejection. *See McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. at 1824. Zolotarevsky has, therefore, failed to establish a *prima facie* case of discrimination with respect to Charge 356 and GE's motion for summary judgment on that charge will be allowed.[5]

### 4. EEOC Charge No. 161900723 ("Charge 723")

■ On June 10, 1990, GE published an advertisement in the *Boston Globe* seeking applications for a Mechanical Engineer, Heat Recovery Boiler Engineer and Control Engineer at its facility in Schenectady, New York. The advertisement stated that GE was seeking someone with a minimum of five years experience for each position. Zolotarevsky immediately submitted a resume in response to this advertisement. By letter dated June 14, 1990, GE notified Zolotarevsky that if he did not hear from them in six weeks he could assume there was no interest in hiring him. Zolotarevsky filed Charge 723 on August 13, 1990, alleging that GE rejected his application for the position of "structural engineer" at its Schenectady, New York facility because of his age and/or national origin.

GE has submitted the affidavit of James T. Peck ("the Peck Affidavit"), Manager of Human Resources for the Power Plant Systems Department at its Schenectady, New York facility. The Peck Affidavit indicates that in 1990 the Power Plant Systems Department did not advertise or have an opening for a structural engineer. The Peck Affidavit also indicates that the job openings advertised in the *Boston Globe* in June of 1990 were canceled before any interviews were conducted.

Based upon the Peck Affidavit, the Court finds that Zolotarevsky has failed to carry his burden of establishing a *prima facie* case with respect to Charge 723. Zolotarevsky has failed to show that: 1) he applied for a job for which GE was seeking applicants, 2) any position GE advertised for in June, 1990

---

**5.** The Court also finds that GE has met its burden of articulating legitimate, non-discriminatory reasons for its refusal to hire Zolotarevsky as an engineer in steam turbine design and development. The Dickinson Affidavit indicates that Zo-

lotarevsky had neither the experience nor the qualifications for the position. Zolotarevsky has offered no evidence to show that the reasons articulated in the Dickinson Affidavit are a pretext for age or national origin discrimination.

remained open after his rejection or 3) GE continued to seek applications after his rejection. *See McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. at 1824. Zolotarevsky has, therefore, failed to establish a *prima facie* case of discrimination on Charge 356 and GE's motion for summary judgment on that charge will be allowed.

B. *EEOC Charge Numbers 161890817, 161900314 and 161900519*

GE argues that Zolotarevsky has failed to establish the second element of his *prima facie* cases with respect to his three remaining claims because he has failed to show that he was qualified for the jobs for which he applied. GE also argues that, irrespective of whether Zolotarevsky has established his *prima facie* cases, GE has articulated legitimate nondiscriminatory reasons for rejecting his applications.

■ The reasons stated by GE for not hiring Zolotarevsky are "irretrievably intertwined" with Zolotarevsky's *prima facie* case. *See Oliver,* 846 F.2d at 108. GE asserts that it did not hire Zolotarevsky because he was not qualified for the positions for which he applied. Proving that he was qualified for the job is an essential element of Zolotarevsky's *prima facie* case. *Id.* The burden is on the plaintiff in a discrimination case:

> [to] demonstrate at least that his rejection did not result from the two most common legitimate reasons on which an employer might rely to reject a job applicant: an absolute or relative lack of qualifications or the absence of a vacancy in the job sought.

*Id., quoting International Brotherhood of Teamsters v. United States,* 431 U.S. 324, 358 n. 44, 97 S.Ct. 1843, 1866 n. 44, 52 L.Ed.2d 396 (1977).

1. EEOC Charge Number 161890817 ("Charge 817")

■ In March of 1989, GE Aircraft Engine published an advertisement in *Mechanical Engineering* listing various engineering opportunities at its facilities in Cincinnati, Ohio and Lynn, Massachusetts. On March 30, 1989, Zolotarevsky submitted a cover letter and resume to GE's Lynn facility in response to this advertisement, noting specifically that he was interested in the position of "Test & Evaluation of Heat Transfer."

By letter dated April 18, 1989, GE notified Zolotarevsky that it had reviewed his qualifications and informed him that "while you meet some of the position's requirements, other applicants appear to have more desired qualifications." Zolotarevsky filed Charge 817 on August 24, 1989, alleging that his application to the Lynn, Massachusetts facility was rejected because of his age and/or national origin.

As Manager of Professional Staffing at GE's aircraft engine manufacturing facility in Lynn, Frederick T. Anderson was responsible for screening and evaluating applicants for the position of Mechanical Engineer. The Anderson Affidavit and accompanying exhibits (including Zolotarevsky's resume and cover letter) indicate several reasons why Zolotarevsky did not survive Anderson's initial screening. First, Zolotarevsky's resume did not indicate any experience with the aircraft gas turbine industry. Second, his resume revealed little or no experience in turbomachinery design test or analysis as it relates to jet engines. Finally, the engineering experience indicated in Zolotarevsky's resume was either in the computer and electronics industry or not specified at all.

The Anderson Affidavit (and the accompanying resume of Fariborz Forghan) indicates that the individual GE hired as a Mechanical Engineer at its Lynn facility had far superior qualifications to those of Zolotarevsky. The evidence submitted by GE establishes that Zolotarevsky had a "relative lack of qualifications" for the position for which he applied. *See Oliver,* 846 F.2d at 108. Zolotarevsky has, therefore, failed to establish a *prima facie* case of discrimination with respect to Charge 817. Conversely, GE has satisfied its burden of articulating legitimate, nondiscriminatory reasons for not hiring Zolotarevsky and he has submitted no evidence suggesting that those reasons are a pretext for discrimination. GE's motion for summary judgment on Charge 817 will, therefore, be allowed.

2. EEOC Charge Number 161900314 ("Charge 314")

■ On June 25, 1989, GE's Turbine Technology Department in Schenectady, New York published an advertisement in the *Boston Globe* seeking candidates for positions as Project and Proposal Engineers, System Engineers and Design Engineers. Shortly thereafter, Zolotarevsky submitted a handwritten note and resume to GE's Schenectady facility. The handwritten note appeared (in script) as follows:

*Design Engineers*

June 25, 1989

The Boston Globe

Used to design Gas Turbines Thermal and stress analysis.

By letter dated July 7, 1989, GE notified Zolotarevsky that his resume would be forwarded to the appropriate hiring manager for further consideration and that if he did not hear from GE in six weeks he could assume there was no interest in hiring him for the position. Zolotarevsky filed Charge 314 on February 5, 1990, alleging that GE refused to hire him as an engineer at its facility in Schenectady, New York because of his age and/or national origin.

GE has submitted the affidavit of Angelo S. Grasso ("the Grasso Affidavit"), who was Manager of Employee Relations for the Power Plant Systems Department at GE's facility in Schenectady in July, 1989. The Grasso Affidavit indicates that GE received approximately 220 resumes in response to the June 25, 1989 advertisement in the *Boston Globe* and that Grasso was responsible for screening those resumes. The Grasso Affidavit indicates that Grasso screened and rejected Zolotarevsky's application because his resume showed no significant experience in the design of power plant projects. Rather, Zolotarevsky's resume indicated that all of his experience since 1974 was either in plant engineering or in support of the computer manufacturing industry.

The Grasso Affidavit notes that Zolotarevsky's resume shows that at some time between 1961 and 1974 he may have worked with naval propulsion systems, including a breeder nuclear reactor and steam genera-

tor. The Grasso Affidavit states, however, that he did not deem this significant experience because it was at least 15 years out of date and the resume was vague as to how much experience Zolotarevsky had in designing turbines.

According to the Grasso Affidavit, none of the 220 resumes received along with Zolotarevsky's showed the kind of experience sought by GE and, consequently, no one was hired or interviewed in response to the advertisement in the *Boston Globe*. The Power Plant Systems Department did hire five experienced engineers (through different hiring avenues) in the six months following the advertisement to which Zolotarevsky responded.

Upon review of the Grasso Affidavit, the cover letter and resume submitted by Zolotarevsky and the resumes of the five engineers hired by GE, this Court concludes that the five individuals hired by GE as engineers at its Schenectady, New York facility during the six months following Zolotarevsky's application had far superior qualifications to those of Zolotarevsky. The evidence submitted by GE establishes that Zolotarevsky had a "relative lack of qualifications" for the position for which he applied. *See Oliver*, 846 F.2d at 108. Zolotarevsky has, therefore, failed to establish a *prima facie* case of discrimination with respect to Charge 314 and GE has satisfied its burden of articulating legitimate, nondiscriminatory reasons for not hiring him. Zolotarevsky has submitted no evidence suggesting that the reasons given by GE were merely pretextual and GE's motion for summary judgment on Charge 314 will, therefore, be allowed.

3. EEOC Charge Number 161900519 ("Charge 519")

■ On April 8, 1990, GE published an advertisement in the *Boston Globe* for a Vibration Test Engineer. The advertisement stated that applicants "must have a BS in engineering plus experience in experimental mechanics testing, with an advanced degree a plus." Zolotarevsky and approximately 150 other people submitted resumes for this position. On April 18, 1990, GE informed Zolotarevsky that if he did not hear from GE in

thirty days he could assume he did not get the job. Zolotarevsky filed Charge 519 on April 25, 1990, alleging that GE refused to hire him because of his age and/or national origin.

GE has submitted the affidavit of Richard F. MacWhorter ("the MacWhorter Affidavit"), Unit Manager of the Experimental Mechanics Laboratory at GE Aircraft Engines's facility in Lynn, Massachusetts. MacWhorter reviewed and rejected Zolotarevsky's application. The MacWhorter Affidavit states that he rejected Zolotarevsky's application because his resume showed no experience relating to large-scale vibration testing and test design for jet engines and jet engine components.

The MacWhorter Affidavit indicates that GE hired a Vibration Test Engineer named William Formisi who responded to the April 8, 1990 advertisement. The resume of Mr. Formisi indicates extensive experience in vibration testing of navigational instruments and weapons' systems. It also indicates that, in 1987, he was employed as Lead Engineer for Vibration Testing. On the whole, Mr. Formisi's resume establishes that he was substantially more qualified than Zolotarevsky for the position of Vibration Test Engineer.

Once again, the evidence submitted by GE establishes that Zolotarevsky had a "relative lack of qualifications" for the position for which he applied. *See Oliver*, 846 F.2d at 108. Zolotarevsky has, therefore, failed to establish a *prima facie* case of discrimination with respect to Charge 519 and GE has satisfied its burden of articulating legitimate, nondiscriminatory reasons for not hiring him. Zolotarevsky has submitted no evidence suggesting that the reasons given by GE are merely pretextual and GE's motion for summary judgment on Charge 519 will, therefore, be allowed.

### ORDER

For the foregoing reasons, it is hereby Ordered that the motion of the defendant, General Electric Company, for summary judgment on all charges contained in the Complaint of the plaintiff, Victor A. Zolotarevsky, is ALLOWED.

So Ordered.